UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TRUSTEES OF THE NEW YORK CITY DISTRICT   :
COUNCIL OF CARPENTERS PENSION FUND,      :
WELFARE FUND, ANNUITY FUND, and          :    21-CV-8937 (ALC)
APPRENTICESHIP, JOURNEYMAN               :
RETRAINING, EDUCATIONAL AND INDUSTRY     :    **ORDER GRANTING**
FUND, TRUSTEES OF THE NEW YORK CITY      :    **PETITION TO CONFIRM**
CARPENTERS RELIEF AND CHARITY FUND,      :    **ARBITRATION**
THE CARPENTER CONTRACTOR ALLIANCE        :
OF METROPOLITAN NEW YORK, and the NEW    :
YORK CITY DISTRICT COUNCIL OF            :
CARPENTERS,                              :
                                         :
                    Petitioners,         :
                                         :
          -against-                      x

STEPHEN IFILL D/B/A MUR CONSTRUCTION,

                    Respondent.
------------------------------------------------------------------
**ANDREW L. CARTER, JR., District Judge:**

Petitioners seek confirmation of an arbitration award entered against Respondent Stephen Ifill d/b/a Mur Construction. Respondent has not opposed the petition. For the reasons set forth below, the petition is GRANTED.

## BACKGROUND

Petitioners include the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, The Carpenter Contractor Alliance of Metropolitan New York ("the Funds"), and the New York City District Council of Carpenters (the "Union") (together with the Funds, "Petitioners"). The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 7. During the relevant time period,

1

Respondent was bound to a collective bargaining agreement (the "CBA") with the Union. Pet. ¶¶ 9-14. The CBA requires Respondent to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union and to furnish its books and payroll records to an audit by the Funds to ensure that it is making all required benefit contributions to the Funds. Pet. ¶¶ 15-16. The CBA provides that in the event that any "dispute or disagreement arise[s] between the parties hereto… concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator. . ." Pet. ¶ 19. The relevant policies state that the Funds shall be entitled to collect, in addition to the delinquent contributions: "(1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies." Pet. ¶ 22.

Here, a dispute arose between the parties when an audit revealed that Respondent had failed to remit the proper amount of contributions to the Funds for the period June 1, 2014 to April 26, 2019. Pet. ¶¶ 24-26. Accordingly, Petitioners submitted the matter to arbitration pursuant to the CBA. Pet. ¶ 27. Thereafter, the arbitrator held a hearing and on August 6, 2021 he rendered an award. Pet. ¶ 28. The arbitrator ordered Respondent to pay the Funds the sum of $219,694.81, consisting of: (i) the principal deficiency of $144,425.23, (ii) interest thereon of $38,587.76, (iii) liquidated damages of $28,885.05, (iv) non-audit late payment interest of $327.29; (v) promotional fund contributions of $251.48; (vi) court costs of $400, (vii) attorney's fees of $1,500, (viii) arbitrators fee of $1,000; and (ix) audit costs of $4,318. Pet. ¶ 29. The arbitrator also found that interest at the rate of 5.25% will accrue on the award from the date of the issuance of the Award. Pet. ¶ 30. As of this date, Respondent has failed to pay

any portion of the award, and it has not been vacated or modified. Pet. ¶ 31-32.

On November 1, 2021, Petitioners filed a petition to confirm the arbitration award. ECF No. 1. Respondent was served on December 29, 2021, with an answer due on January 19, 2022. ECF No. 11. As Respondent failed to respond, on February 8, 2022, the Court issued an order to show cause as to why the petition should not be considered unopposed and directed Respondent to respond by February 22, 2022. ECF No. 13. To this date, Respondent has not appeared or responded to Petitioners' motion to confirm their arbitration award. The Court now resolves the unopposed motion.

## LEGAL STANDARD

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*. provides a "streamlined" process for parties seeking "a judicial decree confirming an award." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, (2008). "[D]efault judgments in the confirmation/vacatur [of arbitration] proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, the court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id*. at 110 (internal quotation marks and citations omitted). Courts must give great deference to an arbitrator's decision. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted).

Courts in this Circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–

10. To prevail, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citations omitted). When evaluating an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citations omitted). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Galway Dev. Corp.*, No. 19-CV-278 (PAE), 2019 WL 1567713, at *3 (S.D.N.Y. Apr. 10, 2019) (internal quotation marks and citations omitted).\

## DISCUSSION

### I.     Confirmation of Award

The Court confirms Petitioners' arbitration award in its entirety. Summary judgment is warranted as Petitioners have shown there is no dispute of material issues of fact. The arbitrator

acted within the scope of his authority and found that Respondent was required to make contributions for all work performed within the trade and geographical jurisdiction of the Union, and to submit its books and records to an audit by the Funds to ensure compliance. Pet. ¶¶ 9-14. Likewise, the arbitrator's award regarding interest, damages, attorneys' fees, arbitrators' fees, and other costs is supported by agreements and policies to which the parties are obligated. Pet. ¶¶ 9-14, 19. Therefore, there is at least a "barely colorable" justification for each component of the arbitrator's award. *D.H. Blair*, 462 F.3d at 104. Accordingly, the Court confirms the award in favor of petitioners, for a total amount of $219,694.81.

## II. Attorneys' Fees in This Action

In addition to the arbitrator's award, Petitioners also request fees and costs incurred in bringing the instant petition. Pet. ¶¶ 34-35. Petitioners request $630 in attorneys' fees and $77 in costs. Pet. ¶¶ 40-41. In actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citations omitted). Here, Respondent has neither complied with the award nor offered any justification for its failure to do so. Given Respondent's failure to appear in this matter, and Respondent's failure to show good cause for its failure to abide by the arbitrator's award, an award of reasonable attorneys' fees is an appropriate equitable remedy. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20-CV-02867 (GHW), 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) ("[B]ecause a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be

proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification." (internal quotation marks and citation omitted)). The Court has reviewed Petitioner's submission and finds that its requested fees and costs are reasonable and similar in amount to amounts awarded by courts in this District. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-005 (JMF), 2012 WL 3744802, at *5 (S.D.N.Y. Aug. 29, 2012).

### III. Pre- and Post-Judgment Interest

Petitioners also seek pre- and post-judgment interest. Pet. ¶ 42. The Court grants Petitioners' request for pre-judgment interest at the rate granted by the arbitrator, 5.25 percent. *See Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting a "presumption in favor of pre-judgment interest"); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. VREX Constr. Inc.*, No. 21-CV-9408 (JMF), 2022 WL 19786, at *1 (S.D.N.Y. Jan. 3, 2022) (awarding the pre-judgment interest rate of 5.25 percent, which was the rate awarded by the arbitrator).

Federal law provides a standard formula for calculating interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Awards of post judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Accordingly, Section 1961 applies to actions to confirm arbitration. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post- judgment interest in an arbitration case). Therefore, the Court also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons set forth above, Petitioners' motion to confirm the arbitration award is GRANTED. The Clerk of Court is directed to award judgment in favor of the Petitioners and against Respondent in the amount of $219,694.81 pursuant to the arbitration award with interest to accrue at the annual rate of 5.25% from the date of the award, pursuant to the arbitrator's award, plus $630 in attorneys' fees and $77 in costs arising out of this petition, and post-judgment interest at the statutory rate. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:    New York, New York
           April 10, 2023**

_____
**ANDREW L. CARTER, JR.
United States District Judge**